Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00081-CR 

 

                                                    __________

 

                              FRANCIS STEVEN BUCSKO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                               On
Appeal from the County Court

 

                                                        Eastland
County, Texas

 

                                                   Trial
Court Cause No. 02-161

 



 

                                                                   O
P I N I O N

 

The jury convicted Francis Steven Bucsko of
driving while intoxicated, and the trial court assessed his punishment at 180
days confinement and a $2,000 fine.  The
trial court suspended the imposition of the confinement portion of the sentence
and placed appellant on community supervision for 2 years.  We affirm.








In two points of error, appellant complains that
the trial court impermissibly bolstered the credibility of a witness in front
of the jury.  During the trial, Bob
Browder, a technical supervisor with the Texas Department of Public Safety,
testified about the operation of the Intoxilyzer 5000.  Browder explained the mechanics and
maintenance of the machine.  Browder
further testified that the test on appellant=s
breath sample showed an alcohol concentration of 0.157 and 0.158.[1]   At the conclusion of Browder=s testimony, the trial court asked if
Browder could be released to go home, and the following exchange occurred:

DEFENSE
COUNSEL:  Judge, if we have time I would
like for him to expound a little bit more on his knowledge in all that he=s learned over the years.

 

WITNESS:  Are you getting paid by the hour, Counsel?

 

THE
COURT:  Ladies and gentlemen --

 

DEFENSE
COUNSEL:  I don=t
have any objection.

 

THE
COURT:  - - you will probably understand
at this juncture why we lovingly call Mr. Browder Professor Browder.  So, Mr. Bob, you are excused to go.  We ap-preciate you, sir, and have a safe trip
home. 

 

Appellant did not object to the comment by the trial court.

Appellant argues that the trial court=s comment bolstered the credibility of
the witness in violation of TEX. CODE CRIM. PRO. ANN. art. 38.05 (Vernon 1979)
which prohibits the trial court from discussing or commenting upon the
evidence.  In viewing the comment in
context, we do not find that the trial court=s
comment bolstered the credibility of the witness.  Moreover, because appellant did not object to
the trial court=s
comment, he has failed to preserve his argument for review.  TEX.R.APP.P. 33.1(a).  Additionally, appellant has not shown that he
was harmed by any error.  TEX.R.APP.P.
44.2(b).  Appellant=s first and second points of error are
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

December 1, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.








 

 











[1]A person is intoxicated if he has an alcohol
concentration of 0.08 or more.  TEX. PEN.
CODE ANN. ' 49.01(2)(B) (Vernon 2003).